[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14997
Non-Argument Calendar
_____

D.C. Docket No. 4:14-cv-00564-RH-CAS

JAMES CRAIG CLAMPETT,

                                                        Plaintiff-Appellant,

versus

AGENCY FOR HEALTH CARE ADMINISTRATION,

                                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(October 18, 2016)

Before HULL, MARCUS and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

James Clampett appeals the summary judgment in favor of his former employer, the Agency for Health Care Administration, and against his complaint of retaliation for engaging in a protected activity, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 1983, 2000e-3, and the Florida Civil Rights Act, Fla. Stat. § 760.10. Clampett complained that his supervisor, Mercedes Bosque, forced him to resign in retaliation for reporting that she was unfairly critical of his work. The district court ruled that Clampett failed to establish a *prima facie* case of retaliation and, in the alternative, that the Agency provided a legitimate, nonretaliatory reason for Clampett's termination. We affirm.

We review a summary judgment *de novo* and view the evidence in the light most favorable to the nonmoving party. *Crawford v. City of Fairburn, Ga.*, 482 F.3d 1305, 1308 (11th Cir. 2007). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We can affirm on any ground supported by the record. *United States v. Fort*, 638 F.3d 1334, 1337 (11th Cir. 2011).

Clampett failed to prove that he engaged in a statutorily protected activity. Clampett never reported that he was a victim of gender discrimination. *See Coutu v. Martin Cty. Bd. of Cty. Comm'rs*, 47 F.3d 1068, 1074 (11th Cir. 1995) ("Unfair treatment, absent discrimination based on race, sex, or national origin, is not an

2

unlawful employment practice under Title VII."). Karen Chang testified that Clampett did not mention gender when complaining about being "written up too much" and that Clampett never stated that other employees were being treated more favorably than him. And Clampett acknowledged that he never told Chang that he thought that he was being treated differently because he was a man.

Even if Clampett had engaged in a statutorily protected activity, he failed to prove that the legitimate reason given for his termination was a pretext for retaliation. The Agency hired Clampett for a one-year probationary period to audit its providers' Medicaid cost reports. Bosque testified that she terminated Clampett because he "was not improving" and required constant supervision. And the Agency supplemented Bosque's testimony with copies of emails documenting Clampett's repetitious mistakes and insolence to supervisors, his corrected audit papers, and his six-month written evaluation in which he scored low for inter-departmental communications. Clampett fails to "meet the reason proffered [for his discharge] head on and rebut it." *Crawford*, 482 F.3d at 1308. Clampett argues that Bosque attempted to "dig up dirt" on him, but Bosque's decision to inquire if another government agency had problems with Clampett does not establish that the reason proffered by the Agency lacks any basis in fact or was not the actual motivation for his termination. Clampett failed to provide any evidence to establish that the Agency terminated him for a reason other than his poor job performance.

3

We **AFFIRM** the summary judgment in favor of the Agency.